# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

DAVID ROBIN WHITMORE, )
)
    Plaintiff, )
)
v. ) Case No. CIV-18-1249-G
)
FNU SHIFFLETT et al., )
)
    Defendants. )

## ORDER

This matter comes before the Court for review of the Report and Recommendation (Doc. No. 17) issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Plaintiff, a pre-trial detainee appearing pro se and proceeding *in forma pauperis*, brought this action under 42 U.S.C. § 1983 alleging various violations of his constitutional rights. *See* Compl. (Doc. No. 1); Am. Compl. (Doc. No. 6).

Judge Mitchell has recommended partial dismissal of Plaintiff's claims for failure to state a claim upon which relief can be granted. *See* R. & R. at 2; 28 U.S.C. § 1915A(b)(1). Plaintiff has objected to the Report and Recommendation. *See* Pl.'s Obj. to R. & R. (Doc. No. 18).[1] Plaintiff's objection triggers de novo review of those portions of the Report and Recommendation to which objection is made. *See, e.g.*, *United States v.*

---

[1] Objections to the R&R were due March 13, 2019. Subsequent to this deadline, Plaintiff filed his objection (Doc. No. 18) and requested an extension of his time to object (Doc. No. 19). Having considered Plaintiff's filings, the Court finds that good cause and excusable neglect have been shown. *See* Fed. R. Civ. P. 6(b)(1)(B). The Court GRANTS Plaintiff's request for extension (Doc. No. 19) and accepts Plaintiff's Objection (Doc. No. 18) as timely filed.

*2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Issues or claims raised for the first time, however, are waived. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

I. Official-Capacity Claims

Judge Mitchell concluded that Plaintiff's official-capacity claims—which are, in effect, claims against the municipality for which Defendants work—should be dismissed because Plaintiff has not alleged that his constitutional rights were violated pursuant to any municipal policy or custom. *See* R. & R. at 9. Plaintiff does not challenge this conclusion. *See* Pl.'s Obj. to R. & R. at 12 ("As for the Magistrate recommending that the Defendants . . . be dismissed in their official capacity[ies] [Plaintiff] does not object").

Therefore, the Court adopts Judge Mitchell's recommendation to dismiss Plaintiff's official-capacity claims.

II. Claim I

Claim I is predicated on allegations that Plaintiff was summarily terminated from his employment as a "Laundry Trustee." *See* Compl. at 7-10. Judge Mitchell concluded that Plaintiff failed to state a due-process claim because he had no liberty or property interest in his employment or in any privileges stemming therefrom. *See* R. & R. at 10-11. In support of this conclusion, Judge Mitchell cited two Tenth Circuit cases: *Ingram v. Papalia*, 804 F.2d 595 (10th Cir. 1986), and *Penrod v. Zavaras*, 94 F.3d 1399 (10th Cir. 1996). *See* R. & R. at 10-11. *Ingram* recognized that "[t]he Constitution does not create a property or liberty interest in prison employment," and thus, "any such interest must be created by state law." *Ingram*, 804 F.2d at 596. *Penrod* held that "[state] prison regulations

2

entitling prisoners to work do not create a constitutional liberty interest because a denial of employment opportunities to an inmate does not impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Penrod*, 94 F.3d at 1407 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

The "atypical and significant hardship" standard referenced in *Penrod* derives from *Sandin v. Conner*, 515 U.S. 472 (1995).[2] In his Objection, Plaintiff argues that, as a pretrial detainee, the *Sandin* standard is inapplicable to him. *See* Pl.'s Obj. to R. & R. at 3 ("Plaintiff . . . is not convicted . . . so [his] liberty interest is [a]lot different from a[n] already convicted prisoner").

Prior to *Sandin*, the existence of a state-created property or liberty interest was determined by examining the relevant statutory or regulatory text. *Id.* at 480. An interest was actionable under the Fourteenth Amendment if it "used 'language of an unmistakably mandatory character' such that the incursion on liberty would not occur 'absent specified substantive predicates.'" *Id.* (citing *Hewitt v. Helms*, 459 U.S. 460, 471-72). Rejecting this approach, the *Sandin* Court held that, in the prison context, a state-created interest is actionable only if it is designed to protect against an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484.

Although Plaintiff is correct that *Sandin*'s "atypical and significant hardship" standard does not apply to a conditions-of-confinement claim by a pretrial detainee, it is

---

[2] While *Sandin* addressed a deprivation-of-liberty claim, its "atypical and significant hardship" standard has been extended to deprivation-of-property claims. *See Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir. 1999).

unclear whether this is so with respect to the claim asserted here, a deprivation-of-property claim by a pretrial detainee. *See Peoples v. CCA Det. Ctrs.*, 422 F.3d 1090, 1106 n.12 (10th Cir. 2005), *opinion vacated in part on reh'g en banc,* 449 F.3d 1097 (10th Cir. 2006); *accord Rapier v. Harris*, 172 F.3d 999, 1004–05 (7th Cir. 1999); *Fuentes v. Wagner*, 206 F.3d 335, 342 n. 9 (3d Cir. 2000). The Court need not resolve that question, however, for irrespective of *Sandin*'s applicability, the fact remains that Plaintiff has not identified a predicate liberty or property interest in his prison employment.

Because the Constitution does not create one, *Ingram*, 804 F.2d at 596, Plaintiff must at a minimum identify a state statute or regulation that affords him "'a legitimate claim of entitlement' in continued employment, as opposed to a 'unilateral expectation' or 'an abstract need or desire' for it." *Farthing v. City of Shawnee, Kan.*, 39 F.3d 1131, 1135 (10th Cir. 1994) (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)). The same would be true if Plaintiff were a non-incarcerated prison employee. He has not done so.

Accordingly, the Court adopts Judge Mitchell's recommendation to dismiss Claim I but expresses no opinion on the applicability of *Sandin*'s "atypical and significant hardship" standard in this context.

III. Claim III

Claim III is premised on allegations that Plaintiff received a soiled mattress, that he was housed in a cell with a white inmate who stated he "does not stay" with African American inmates, and that he "ended up going to medical due to having sever[e] chest pains around [his] heart." Compl. at 13-16. Judge Mitchell concluded that Plaintiff failed

4

to state a due-process claim because he "received a new mattress," and because he fails to allege "objectively unreasonable force by the officers," "facts showing the officers disregarded a 'substantial risk of harm' to [him]," or any injury "apart from reporting to medical." R. & R. at 13-14.

In his Objection, Plaintiff contends that, while sleeping on a soiled mattress is unlikely to "kill somebody," it is "definitely not the norm in our civilized society." Pl.'s Obj. to R. & R. at 7; *see also id.* at 8-9. He further argues that "to force housing . . . with a racist inmate . . . is not the norm in our society and should be consider[ed] an Eighth Amend[ment] violation." *Id.* at 9. Plaintiff does not, however, contest Judge Mitchell's conclusion that he alleged no harm resulting from these events, as he was given a new mattress and his cell mate voluntarily moved to a different cell.[3] *See* R. & R. at 12, 14.

Plaintiff likewise concedes that no excessive force was used. *See* Pl.'s Obj. to R. & R. at 8 ("Of course [Defendant Miller] didn't use excessive force, but had he, these other Defendants would have joined right in"). While Plaintiff does insist that "Defendants showed a reckless disregard/deliberate indifference for [his] rights and even his life," he does not supply facts that would plausibly support such a conclusion. *Id.* at 5.

Accordingly, the Court agrees with Judge Mitchell's conclusion that Claim III does not state a plausible due-process claim and should be dismissed on that basis.

---

[3] Indeed, Plaintiff acknowledges "[t]he fact that [he] didn't suffer," attributing his lack of injury to "his own actions." Pl.'s Obj. to R. & R. at 9.

5

IV. Claim IV

In Claim IV, Plaintiff alleges that his First and Fifth Amendment rights were violated when Defendant Nixon refused to mail his complaint for lack of postage, and Defendant Seena refused to allow him copies of his pleadings or to let him mail his pleadings due to insufficient funds in his inmate account. *See* Am. Compl. at 2-5. Judge Mitchell recommended dismissal of this claim on the ground that Plaintiff failed to plead facts showing that he was prejudiced by the acts of Defendants Nixon and Seena. *See* R. & R. at 14-15.

In his Objection, Plaintiff acknowledges that he suffered no injury, noting that he "was very resour[c]eful, and came up with envelopes and postage" himself. Pl.'s Obj. to R. & R. at 11. Plaintiff nonetheless submits that "no harm no foul . . . cannot be the measure" and that he should be allowed to pursue his claim "for the sole purpose of [] put[t]ing in place some rules/policy to protect an inmate's rights to access [] the court." *Id.*; *see also id.* ("Why should somebody have to have a legal injury, what about preventative maintenance?"). The Court must, however, apply the law as it is, not as Plaintiff believes it should be.

Therefore, the Court agrees with Judge Mitchell's conclusion that Claim IV fails to state a claim for relief and should be dismissed on that basis.

CONCLUSION

Accordingly, the Court hereby:

1. GRANTS Plaintiff's Motion for Out of Time Objection to Report and Recommendation (Doc. No. 19);

6

2. ACCEPTS and ADOPTS the Report and Recommendation (Doc. No. 17);

3. DISMISSES, without prejudice to refiling, Plaintiff's official-capacity claims and his Claims I, III, and IV; and

4. DENIES, as moot, Plaintiff's Motion for Leave for Discovery (Doc. No. 12) and Motion for Leave to Issue Process (Doc. No. 13).

The matter remains referred to Judge Mitchell.

IT IS SO ORDERED this 19th day of April, 2019.

_____
CHARLES B. GOODWIN
United States District Judge